## (January 14, 1980)

■ ANGELA BEETZ et al., Appellants, v CITY OF NEW YORK, Respondent. —In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County, dated August 9, 1979, which granted defendant's motion to vacate a prior order which struck its answer on default for failure to comply with prior orders of the same court directing its attendance by a knowledgeable person at an examination before trial. Order reversed, on the law, and motion to vacate is denied, without costs or disbursements. On January 22, 1975 plaintiff wife lost control of the automobile she was operating because of an icy condition on Woodhaven Boulevard, Queens, New York. The vehicle proceeded to skid and ultimately strike a tree causing her to sustain severe personal injuries. Plaintiffs asserted in their complaint that the icy condition causing the accident was created by water dripping down from an overpass. The record reveals that on February 18, 1976 plaintiffs served a notice on the Corporation Counsel's office to produce an employee of the defendant who possessed knowledge of pertinent information for an examination before trial. From October 5, 1976 to early September, 1978 plaintiffs made three separate motions for an order directing defendant's appearance at an examination before trial by a person with the requisite knowledge. Each motion was granted without opposition and without defendant appearing by counsel. During the period from October 5, 1976, when the first motion by plaintiffs for such an examination before trial was made, and March 13, 1979, when plaintiffs' motion to strike the answer for failure to comply with the three previous orders was granted on default, in at least six instances and without satisfactory explanation, defendant either did not appear for an examination before trial on the dates directed by the court or on adjourned dates, or else appeared by an employee not qualified to give any meaningful testimony. Special Term erred in granting defendant's motion to vacate the

order striking its answer. Nowhere in defendant's moving papers is there a scintilla of evidence to justify or excuse defense counsel's gross neglect and inaction which eventually culminated in the striking of defendant's answer some 37 months after plaintiffs had served their notice for an examination before trial. We also note that although defendant did not claim, nor did Special Term find, that defendant's numerous defaults were excusable, Special Term granted defendant's motion to vacate the default based on the fact that the Corporation Counsel's office had shown proper "Contriteness and penitence". However, CPLR 5015 sets forth five specific grounds upon which a court may relieve a party from a judgment or order, namely (1) excusable default, (2) newly discovered evidence, (3) fraud, misrepresentation, or other misconduct of an adverse party, (4) lack of jurisdiction to render the judgment or order, or (5) reversal, modification or vacatur of a prior judgment or order upon which it is based. Neither contriteness nor penitence is included expressly or impliedly in any of those categories. In conclusion, we believe it necessary to state that as the law firm for the City of New York, the Corporation Counsel's office and the many attorneys employed in its torts division, have an obligation to conduct lawsuits in a disciplined and efficient manner in order both to protect the interests of the almost 8 million city residents and also to assure plaintiffs that their claims will be expeditiously and fairly resolved. Titone, Gibbons, Rabin and Gulotta, JJ., concur; Mollen, P. J., concurs in the result.