■ CITY OF NEW YORK, Respondent, v JOSEPH H. INGBER, Appellant, et al., Defendant. — Order, Supreme Court, New York County, entered March 26, 1980, denying the individual defendant Ingber's motion to dismiss the action on the ground that the court lacks jurisdiction over him and that the plaintiff failed to deliver its complaint within 20 days after service of a demand therefor, and granting plaintiff's cross motion relieving it of its default in having neglected to serve timely the complaint, unanimously reversed, on the law, and the motion to dismiss pursuant to CPLR 3012 (subd [b]) granted and the plaintiff's cross motion denied, without costs or disbursements. For plaintiff's failure to serve a complaint for over three years after it was demanded the plaintiff offers the excuse that the staff and budget of its corporation counsel's office were not adequate to its needs, compounded as they were by the financial crisis that beset the city in the mid-1970's. This must be deemed a "law office failure" and it cannot serve to defeat a motion to dismiss under CPLR 3012 (subd [b]) *(Barasch v Micucci,* 49 NY2d 594). The city's law firm cannot be exempted from those rules which govern the law firms of its opponents and of which the city, properly, is ready to take advantage (see, e.g., *Shea v City of New York,* 77 AD2d 21, 24). The corporation counsel's office, too, has "an obligation to conduct lawsuits in a disciplined and efficient manner" *(Beetz v City of New York,* 73 AD2d 925, 926). Concur — Murphy, P.J., Sandler, Ross, Lupiano and Lynch, JJ.