OPINION OF THE COURT
Harold Hyman, J.
This motion by defendant, City of New York, to dismiss pursuant to CPLR 3211 (subd [a], par 5) contends that the action is time barred under section 50-i of the General Municipal Law. Plaintiffs cross-move to enforce a settlement allegedly entered into between the parties after commencement of the action, or alternatively, to dismiss the Statute of Limitations affirmative defense raised in defendant’s answer.
This action stems from an incident on July 11, 1978 in which plaintiff Mollie Burg sustained personal injuries resulting from defendant’s alleged negligence in maintaining a defective sidewalk. On October 10, 1978, plaintiffs served their pro se notice of claim pursuant to section 50-e of the General Municipal Law. On October 10,1979, plaintiffs’ attorney improperly served the summons and complaint by certified mail, return receipt requested, upon the office of the Comptroller of the City of New York, contrary to the personal service requirements of CPLR 311 (subd 2) *358 but within the time prescribed by section 50-i of the General Municipal Law. Upon realizing the error, a summons and complaint was personally served on the defendant municipality on October 15, 1979. However, plaintiffs’ counsel concedes that proper service was effected one year and 95 days after the occurrence and, thus, after the limitation period permitted by section 50-i of the General Municipal Law had run. Towards the end of February, 1980 the city served its answer interposing the Statute of Limitations as its sole affirmative defense.
Following joinder of issue plaintiffs’ counsel contends that on December 18, 1980, after a series of telephone conversations with a Mr. Fraenkel from the office of the Comptroller of the City of New York, negotiations concluded in the settlement of this action for the total sum of $3,250. Plaintiffs’ counsel further contends, and submits proof evidencing the alleged settlement, that he forwarded to Mr. Fraenkel of the comptroller’s office, a general release executed by his clients on December 18, 1980, an affidavit of no lien, a letter of acceptance signed on behalf of his clients, and a stipulation of discontinuance signed by himself as attorney for the plaintiffs. The foregoing resulted in defendant’s execution and delivery of a check dated January 7, 1981 and made payable to the plaintiffs and their attorneys in the sum of $3,250. The check was subsequently indorsed and deposited. On January 16,1981 the depositor’s bank notified plaintiffs’ attorney that payment on the check had been stopped.
Neither Mark Fraenkel, who confirms his position as Chief of the Settlement Division of the office of the Comptroller of the City of New York, nor the defendant city contest or refute the fact that settlement negotiations were entered into with plaintiffs’ attorney and that the required documentation was received by the City of New York and a check issued by the comptroller’s office which was stopped shortly thereafter at the direction of the Corporation Counsel.
The city’s explanation for stopping payment is that settlement should and could not have been discussed or considered by Mr. Fraenkel since “there was an absolute bar, a statute of limitations defense in this case.” Fraenkel con *359 cedes his ignorance of such a limitation defense, maintaining that his office records did not reflect the existence of this bar to the action. Although payment of the check was stopped, there is no indication that the general release and stipulation of discontinuance were returned to the plaintiffs.
The defendant city now moves to dismiss the complaint on the grounds that this action is time barred by section 50-i (subd 1, par [c]) of the General Municipal Law which requires the action to be commenced “within one year and ninety days after the happening of the event upon which the claim is based.” Despite Corporation Counsel’s interjecting statements in his supporting affirmation regarding the incipient defective service contrary to the provisions of CPLR 311 (subd 2), any objection to in personam jurisdiction (CPLR 3211, subd [a], par 8) should have been made either by interposing the objection in its answer or moving under CPLR 3211. Notwithstanding that this action may have been improperly commenced, the defendant city’s failure to assert the jurisdictional objection in its answer or failure to raise the paragraph 8 objection on the present motion, having moved under paragraph 5 of subdivision (a), constitutes an appearance equivalent to personal service (CPLR 320, subd [b]), and, therefore, the city must be deemed to have waived any objection it may have had regarding noncompliance with the provisions of CPLR 311 (subd 2).
Still remaining, however, is the issue of whether the city is entitled to dismissal on the ground that the action was not timely brought within the Statute of Limitations and the effect, if any, to be given the apparent settlement and discontinuance of the action.
These motions would be otherwise disposed of in due course if not for the fact that the City of New York is the defendant herein. As manifested by the appropriate documentation and ultimate issuance by the defendant of a settlement check upon receipt of a stipulation of discontinuance, these parties had “chart[ed] their own procedural course” (see Stevenson v News Syndicate Co., 302 NY 81, 87), by entering into a settlement and discontinuance of this action which effectively had terminated the original *360 cause of action and substituted in its place a new contract of settlement. Any enforcement of the settlement by motion would thus be unwarranted, thereby relegating the plaintiff to a plenary action. (See Teitelbaum Holdings v Gold, 48 NY2d 51.) Moreover, it logically follows that the settlement and resulting payment by the city was essentially a waiver of the defense of Statute of Limitations since it was made after the statutory period had run. However, such a waiver by a city is impermissible, there being a strong public policy in this State against payment by public bodies of claims barred by the Statute of Limitations. (NY Const, art III, § 19; Court of Claims Act, § 12, subd 2; General City Law, § 20, subd 5; Administrative Code of City of New York, § 93d-3.0; Matter of City of New York [Elm St.], 239 NY 220, 229; Matter of Huie [McElligott], 7 AD2d 599; Matter of Long Is. R.R. Co. [Eighth Ave., Brooklyn], 174 Misc 1037, affd 261 App Div 914.) For example, the statute applicable to the City of New York (General City Law, § 20, subd 5) reads as follows:
“Subject to the constitution and general laws of this state, every city is empowered ***
“5. To spend money for any public or municipal purpose; to pay or compromise claims equitably payable by the city, though not constituting obligations legally binding on it, but it shall have no power to waive the defense of the statute of limitations or to grant extra compensation to any public officer, servant or contractor.”
Accordingly, the defendant’s motion to dismiss must be granted and the cross motion denied in its entirety.
One final thought concerning Corporation Counsel’s attempt to disavow the actions of the comptroller’s office in entering into a settlement of this action. While emphasizing that the comptroller’s office is entrusted with the duty “to safeguard the monies of the City of New York”, Corporation Counsel simultaneously implies a lack of authority in the comptroller’s office to act on behalf of the city in settling cases in which a legal defense is available. It is inconceivable that settlement of any action against the City of New York could ever be entertained by the Settlement Division of the comptroller’s office, much less negoti *361 ated and concluded by acknowledgment and payment of the debt, without prior consultation with the city’s legal department which is empowered to prosecute and defend. Indeed, while the Corporation Counsel and office of the comptroller are distinct entities, their functions and interests are inseparable in litigious matters involving the City of New York. (See Letters to the Editor, City’s Timetable for Paying Claimants, by Harrison J. Goldin, Comptroller, City of New York, NYU, March 11, 1981, p 2, col 6.) Finally, except where, as here, the court is restrained by statute and/or legal precedent, the city should receive no exemption or special treatment merely because of its obvious inefficiency. (See City of New York v Ingber, 80 AD2d 773.)