■ In the Matter of ANNA M. BABEY-BROOKE, Respondent, v HAROLD ZIEGNER et al., Appellants. — Order of the Supreme Court, Suffolk County (Corso, J.), dated December 22, 1982, affirmed, without costs or disbursements (cf. *Beetz v City of New York,* 73 AD2d 925, 926). Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

■ In the Matter of BALLROOM PRODUCTIONS, INC., et al., Appellants, v ROBERT ABRAMS et al., Respondents. INCORPORATED VILLAGE OF ROSLYN, Respondent, v BALLROOM PRODUCTIONS, INC., et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination denying petitioners' application for a zoning variance, and in an action to permanently enjoin defendants from operating a restaurant on the subject premises, the matters having been consolidated, the petitioners and the defendants appeal from an order of the Supreme Court, Nassau County (Vitale, J.), entered July 30, 1982, which denied their motion to vacate and set aside a judgment of the same court, entered April 30, 1981, on the ground of newly discovered evidence. Order affirmed, with costs. The denial of appellants' motion for a new trial on the ground of newly discovered evidence was not an abuse of discretion inasmuch as appellants failed to demonstrate that the evidence would probably have produced a different result had it been introduced at trial or that the evidence could not have been discovered in time to move for a new trial under CPLR 4404 (CPLR 5015, subd [a], par 2; see, also, *Levantino v Insurance Co. of North Amer.,* 102 Misc 2d 77). Moreover, appellants' trial concession that the Village of Roslyn did "whatever [it] had to do to adopt" the zoning amendment, would appear to preclude them from now challenging the sufficiency of the procedures followed for enacting such amendment. Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.