SECURITY MUTUAL LIFE INSURANCE COMPANY, Plaintiff, *v.* ELLA C. DANZILIO and Others, Defendants.

Supreme Court, Richmond County, September 8, 1932.

*Hinman, Howard & Kattell*, for the motion.

*James C. Danzilio*, for the defendants Danzilio, in opposition.

CUFF, J. Motion (1) to dismiss counterclaim designated as " a second specific defense and as a counterclaim; " (2) to strike out defense of Ella C. and Frank Danzilio; (3) to dismiss the counterclaim designated " as and for a further, separate and distinct defense and as a counterclaim and as a cross answer," etc.; (4) to amend the complaint; (5) to strike out answers of Ella C. and Frank Danzilio; and (6) for interlocutory judgment in favor of the plaintiff, etc.

This is an action to foreclose a mortgage on realty. Plaintiff's attorney gave notice requiring that answering affidavits be served upon him five days before the return day. Any attorney making a motion has a right to take advantage of the rule, ▮ but in this instance it was particularly important, because the attorney resides and had his office at Binghamton, N. Y. After the time for the service of the answering affidavits had expired, plaintiff's attorney wrote and even telephoned from Binghamton to defendant's attorney, urging the serving of the answering affidavits and waiving the tardiness. He had not received the answering affidavits up to the time he appeared in court, having come from Binghamton the night before for the argument. He stated that under the circumstances he would have to press his rights and ask that the defendants' affidavits be not considered on this motion. Plaintiff's attorney's request will be granted and the affidavits submitted in opposition to the motion will not be read.

The answer of the defendants Ella C. and Frank Danzilio contains first and second defenses and counterclaims, which deal entirely with contractual relations of plaintiff and defendant Frank Danzilio. These contractual relations and responsibilities cannot be urged as a defense in a foreclosure suit where one of the contracting parties, Frank Danzilio, is not on the bond and is only made a defendant because he occupies the mortgaged premises. (*Lipman* v. *Jackson Architectural Iron Works*, 128 N. Y. 58.) A third defense is that the complaint fails to allege that plaintiff is a corporation. Such allegation is unnecessary. (*Ochs* v. *Frey*, 47 App. Div. 390.) A fourth defense and counterclaim seems to be a claim of the defendants Ella C. and Frank Danzilio and Craig arising among themselves and completely unrelated to the subject of this action. The only time that such a cross-answer may be interposed is when the judgment may determine the ultimate rights of two or more defendants as between themselves. (Civ. Prac. Act, § 264.) By no stretch of the imagination could this judgment be considered to determine the ultimate rights of these defendants as to the matters set forth in their cross-answer.

Plaintiff's motion for leave to amend the complaint and allege that it is a corporation is granted, and plaintiff's motions directed to the answer are granted. The denials in the answer raise no issue. They are stricken out. Plaintiff may enter judgment.