FRANK BRIDGWOOD, Plaintiff, *v.* NEWSPAPER PM INC., et al., Defendants.

Supreme Court, Special Term, Queens County, March 15, 1949.

*Richard C. Schulz* for plaintiff.

*Martin Kleinbard* for defendants.

HALLINAN, J. Motion by plaintiff for an order striking out the first and second separate defenses as legally insufficient (Rules Civ. Prac., rule 109, subd. 6).

The action is for libel in publishing an article referring to the testimony before the Grand Jury of " 10 Queens bookies "

concerning " graft and protection money." The article stated in part: " The 10, including such colorfully Runyonesque characters as Willie the Ice, Big Briggie, Little Briggie, and Firpo, were said by Assistant D. A. * * * to have confirmed in part Pledge's Monday testimony about having to pay at least three different sets of police officers."

The first defense is that the article complained of was a report of an official proceeding, to wit, the Queens County Grand Jury investigation, and fair comment thereon. The second defense is that a brother of the plaintiff was also known by the pseudonym of " Little Briggie " and that said brother had at least twice prior to the publication been convicted of book-making.

In support of their first defense, defendants rely upon section 337 of the Civil Practice Act. The second paragraph thereof provides in part as follows: " This section does not apply to a libel contained * * * in the report of anything said or done at the time and place of the public and official proceedings which was not a part thereof." It has been held that this section does not protect the publisher of a conversation with a prosecuting attorney (*Jacobs* v. *Herlands*, 17 N. Y. S. 2d 711, affd. 259 App. Div. 823; *May* v. *Syracuse Newspapers, Inc.*, 250 App. Div. 155). In the latter case the court said (p. 158): " In *Sanford* v. *Bennett* (24 N. Y. 20), which has recently been cited with approval by the Court of Appeals, particular stress is laid upon that portion of the section (337) which provides that privilege does not extend to ' the report of any thing said or done at the time and place of the public and official proceedings which was not a part thereof.' The libel involved in the *Sanford* case was the publication of a speech made by a convicted murderer from the scaffold, immediately prior to his execution. It was there determined that while ' the execution of a capital sentence upon a convict is no doubt a public proceeding of a very solemn and impressive character,' the speeches of the participants and even the prayers of the divine were not a necessary part thereof and their publication not privileged. If these utterances were not a necessary part of such a proceeding, conversations in private between the attorney for one party and a reporter are not." From the article itself, it appears that the defendants were publishing a conversation between an assistant district attorney and one of their reporters. This conversation was not a part of the Grand Jury's deliberation and does not afford the defendants any privilege. Accordingly, the first defense is insufficient.

In the second defense defendants allege that another character (a brother of the plaintiff) was known by the same pseudonym of " Little Briggie ". This is no defense if the publication injured the plaintiff herein. For an interesting article on this subject, see the three-part editorial published in the New York Law Journal for October 5 (p. 680, col. 1), 6 (p. 694, col. 1) and 7 (p. 710, col. 1), 1948. One of the cases referred to in said editorial was *Newstead* v. *London Express Newspaper,* ([1939] 2 K. B. 317, affd. [1940] 1 K. B. 377). In that case the defendants had published an article that " Harold Newstead, 30-year-old Camberwell man " had been convicted of bigamy. The statement was true of Harold Newstead, a barman of Crofton Road, Camberwell, to whom it was intended to refer, but was not true of the plaintiff, Harold Newstead, a hairdresser at Camberwell Road, Camberwell. Plaintiff recovered a judgment and on appeal it was held that the fact that the words were intended to refer to and were true of an existing person, did not, as a matter of law, make it impossible for them to be defamatory of another, and if, from a reasonable construction of the statement, the words applied to the plaintiff, he can recover. This is also the law in New York. In *Corrigan* v. *Bobbs-Merrill Co.* (228 N. Y. 58, 63–64) Judge POUND, writing for the court, said: " The question is not so much who was aimed at, as who was hit." (See, also, *Moore* v. *Francis,* 121 N. Y. 199, 207.) Accordingly, the second defense is also insufficient.

Plaintiff's motion to strike the first and second separate defenses is granted.

Submit order.