EUGENE GASPERINI et al., Plaintiffs, *v.* EMANUEL MANGINELLI, Defendant.

Supreme Court, Special Term, Queens County, September 20, 1949.

*Irving Mariash* for defendant.

*John H. Munley* for plaintiffs.

HALLINAN, J.   Defendant moves (1) to strike out the complaint as sham and frivolous, (2) to dismiss the complaint on the ground that one of the plaintiffs has not legal capacity to sue, (3) to dismiss the complaint as legally insufficient with respect to each

cause of action, and (4) to require the plaintiffs " to make the complaint more definite and certain and to separately state and number the allegations thereof ".

In addition to the relief sought in the notice of motion, defendant, in his brief, claims that there has been an improper joinder of parties. Suffice it to say that there is no merit to this contention whatsoever. (Civ. Prac. Act, § 212; see Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 209–228; cf. *Great Northern Tel. Co.* v. *Yokohama Specie Bank,* 297 N. Y. 135.) Neither is the fourth branch of the motion worthy of discussion. The paragraphs of the complaint are consecutively numbered from " First" to " Twenty-Ninth " and the three causes of action are separately stated and numbered. Accordingly, the fourth branch of the motion is denied.

The plaintiffs are father and son and bear the same name except for the suffix " Jr." Defendant is a medical doctor who treated the son for a nervous ailment. In the course of his treatment, he had occasion to issue a writing diagnosing the son's illness and requesting that he be admitted for observation. Defendant omitted, however, to add the suffix " Jr." to the name of the patient. The father, who is now suing for libel (the first cause of action) alleges that defendant published the writing of and concerning him; that it was false; that defendant knew it was false; that defendant was actuated by actual malice; and that the publication has injured plaintiff's credit and reputation. Defendant claims that he wrote concerning the son; that he gave the writing to the son's wife; that she knew it referred to the son as did the son's family to whom the son's wife may have published it.

The fact that a statement is intended to refer to and may be true of one person does not as a matter of law make it impossible to be defamatory of another. In *Corrigan* v. *Bobbs-Merrill Co.* (228 N. Y. 58, 63–64) the court said: " The question is not so much who was aimed at, as who was hit." (See, also, Editorial, N. Y. L. J., October 5, 6, 7, 1948, and *Bridgewood* v. *Newspaper, P.M., Inc.,* 194 Misc. 750.)

Whether everyone who read the writing understood that it referred to the son is a question of fact to be developed at the trial. It cannot be said as a matter of law that the first cause of action is either sham or legally insufficient, and accordingly the first and third branches of the motion are denied insofar as they are directed to the first cause of action. The fact that the writing was prima facie privileged (*Ashcroft* v. *Hammond,* 197 N. Y. 488) does not avail the defendant on a motion to dismiss in

advance of trial (*Loewinthan* v. *Beth David Hospital*, 290 N. Y. 188).

In the second cause of action, plaintiff son alleges that while defendant was treating him for his illness, defendant demanded and received $8,350 which defendant falsely and fraudulently represented to be a fair fee for which he would render certain services; that he did not render such services. There is nothing in defendant's moving affidavit to show that these allegations are sham. Defendant argues that the first and third causes of action are bludgeons to scare him into refunding the money received. Defendant says: " In other words, the plaintiff is not willing to present the clear cut issue to the court as to the adequacy or inadequacy of that payment." But in the second cause of action, plaintiff is trying to do just that — to determine what a fair fee would be and to litigate the question of whether defendant fraudulently represented as fair a fee that was excessive. It may be that plaintiff has asked too much in demanding the return of the entire fee paid instead of asking for only the excess above a fair fee, but the sufficiency of a complaint is not determined by the " wherefore " clause. (*Wainwright & Page, Inc.*, v. *Burr & McAuley, Inc.*, 272 N. Y. 130.) Moreover, plaintiff alleges that defendant did not render the treatments agreed upon. These are questions of fact for determination at the trial. The first and third branches of the motion are denied with respect to the second cause of action.

In the third cause of action, plaintiff son claims that defendant was derelict in his duty to him. This claim is predicated upon the allegation that such treatment as was rendered by defendant was commenced without consulting another psychiatrist; that defendant refused to be responsible for plaintiff's recovery if plaintiff's family transferred him to another institution; that defendant represented that there was no need for a consulting psychiatrist and that he threatened to cease attending plaintiff, if he were not paid part of his fee. These allegations do not sustain an action for malpractice. Defendant was himself a psychiatrist who had been called in by the family physician. It is understandable that he did not see the need for a consulting psychiatrist. Moreover, he is entitled to be compensated for his work when the patient is of sufficient means to pay therefor. Plaintiff adds one further allegation that defendant " coerced " plaintiff's wife into signing a statement promising not to interfere with defendant's action. This allegation, of course, is conclusory and is not supported by factual allegations. As pleaded,

the third cause of action is insufficient in law and it will be dismissed without prejudice to plaintiff's right to amend so as to allege *facts,* if he be so advised. This determination renders it unnecessary to pass upon whether the cause of action is sham.

The second branch of defendant's motion is to dismiss the complaint on the ground that the plaintiff son has not legal capacity to sue. Defendant claims that said plaintiff is insane and, therefore, requires a guardian ad litem. It is not claimed that a committee of person or property has ever been appointed for plaintiff son. It is the inquisition resulting in the appointment of a committee which determines the question of incompetency. (*Finch* v. *Goldstein,* 245 N. Y. 300.) In the absence of such a determination and appointment, the court has no authority either to appoint a guardian ad litem or to exercise any control over the property of an *alleged* incompetent. (*Matter of Frank,* 283 N. Y. 106.) Accordingly, the second branch of the motion is denied.

Plaintiffs' attorneys have objected to consideration of a supplemental affidavit made by defendant and not duly served upon them with the motion papers. Said affidavit was served upon them in court on the return day of the motion. The court has nevertheless examined said affidavit, but considers that it in no way changes the decision herein and plaintiffs' objection to its service is sustained. Said affidavit, therefore, forms no part of the motion papers herein.

Settle order on notice.