■ MONTMARTE, INC., et al., Respondents, v. SALVATION ARMY, Defendant, and LUCULLO, INC., et al., Appellants.— On the appeals from the orders (1) entered June 3, 1963, granting defendants' motion to open their default in opposing plaintiffs' motion for summary judgment on condition that defendants furnish a surety bond in the sum of $50,000, and (2) entered on July 3, 1963, denying defendants' motion to open the default upon failure to comply with the condition imposed in the order of June 3, 1963, the said orders are unanimously modified as to defendant Krause to the extent of opening his default and modifying the order of April 23, 1963 which granted the plaintiffs' motion for summary judgment to the extent of granting the motion as to defendant Krause only by directing that there be an assessment of damages as to the cause of action against him; and otherwise affirmed, without costs. The judgment entered on July 9, 1963 is vacated as to defendant Krause and

the action severed as against him to await the assessment of damages. The appeal from the judgment is dismissed since there can be no appeal from a default judgment (CPLR 5511; *Jones* v. *Jones*, 10 A D 2d 573). Even were we to assume the existence of an excusable default, the default would not be opened unless defendants disclosed a meritorious defense to the action (*Benadon* v. *Antonio*, 10 A D 2d 40, 42). Defendants' papers on the motion to open the default were lacking in any plausible defense to the action on the notes. However, as to defendant Krause, the action was not on the notes — since he had not signed them as maker or indorser — and his liability was predicated upon his complicity in improperly disposing of the assets which were mortgaged as security for the payment of the notes. Thus, while there was no triable issue as to his liability in that regard, the measure of that liability was the value of the assets so converted. The damages could only be determined upon an assessment, since the plaintiffs' papers contained no adequate basis for fixing damages. Therefore, as to defendant Krause, the motion for summary judgment should have been granted only to the extent of directing an assessment of damages by the court. Upon such an assessment there should also be considered the claim for attorney's fees which were fixed at $5,000 in the judgment. Since that sum awarded against the defendant Lucullo, Inc., is based on the recovery of the balance due on the notes, the amount which may be awarded against defendant Krause will depend in part upon the amount of damages which will be assessed against said defendant. The assessment ordered will therefore include an evaluation of appropriate attorney's fees. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, McNally and Steuer, JJ.