ADELAIDE S. WALLIN, Respondent, v. AXEL E. WALLIN, Appellant.— COOKE, J. Appeal (1) from an order of the Supreme Court at Special Term, entered November 17, 1969 in Columbia County, which granted plaintiff's motion for summary judgment for arrears under a separation agreement incorporated into a divorce decree and (2) from the judgment entered thereon. The notice of motion contained a demand requiring that answering affidavits be served at least five days before the return date and nothing is raised to question that the notice and supporting affidavit had been served at least 10 days prior to said return. The only issue presented on this appeal concerns the disregard by Special Term of defendant's answering affidavit which, concededly, was not served timely. CPLR 2214 (subd. [b]) requires that answering affidavits shall be served at least five days before the time at which the motion is noticed to be heard, if a notice of motion served at least 10 days before such time so demands, and subdivision (c) provides that only papers served in

accordance with the provisions of this rule shall be read in opposition to the motion unless the court for good cause shall otherwise direct. No valid excuse having been offered by defendant, Special Term properly refused to recognize his tardily served affidavit. The procedural requirements of CPLR 2214 regarding the service of answering affidavits, derived from rule 64 of the Rules of Civil Practice, should be enforced by the courts, in the absence of a showing of good cause such as to warrant a contrary direction, since indifference to these provisions results in unfairness to the movant and an impairment of the administration of justice (see *Gnozzo* v. *Marine Trust Co. of Buffalo*, 258 App. Div. 298, affd. 284 N. Y. 617; *Davis* v. *State of New York*, 50 Misc 2d 740; *Nassau Suffolk Lbr. & Supply Corp.* v. *Feldman*, 125 N. Y. S. 2d 27, 28–29; *Security Mut. Life Ins. Co.* v. *Danzilio*, 145 Misc. 750). Order and judgment affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.