Morton M. Z. Lynn, J.
Plaintiff moves for summary judgment in an action to recover insurance premiums. Pursuant to CPLR 2214 (subd [b]) the notice of motion demanded that answering affidavits, if any, be served five days before the return date.
The attorney for the defendant not only disregarded the demand, but also disregarded the requirement of CPLR 2214 (subd [b]) that even absent such a demand, answering affidavits are required to be served at least two days before the return date. Worse than that, the attorney for the defendant even refrained from delivering the answering affidavit to the plaintiff’s counsel until the case was called and handed the affidavit to her as the attorneys approached counsel table ready to argue. When the impropriety of such conduct was called to his attention the defendant’s attorney informed the court that attorneys generally pay no attention to the provisions of CPLR 2214 (subd [b]).
This court is not prepared to accept that statement as true. It may be that there are certain attorneys who pay no attention to them but it is probable that the vast majority of lawyers do pay heed to their responsibility. If the vast majority is to be protected from the careless attitude of those who do not follow the provisions of the statutes, it is time that some sanctions be applied.
A practice act exists to establish rules of conduct whereby attorneys can work with each other and the courts can function and dispense justice. To conduct litigation without formalized rules of practice would turn the procedural aspects of litigation into a jungle.
While courts have on some prior occasions called the attention of the Bar to the necessity of serving answering affidavits in the required manner (Security Mut. Life Ins. Co. v Danzilio, 145 Misc 750; Gasperini v Manginelli, 196 Misc 547; Wallin v *476 Wallin, 34 AD2d 870), it is apparent that further action is required to emphasize the importance of complying with the legislative direction that answering affidavits be furnished in advance.
The wisdom of the requirement is clearly demonstrated since otherwise a party making a motion is unfairly burdened with the necessity of arguing without adequate time to study the opposing papers. Indeed, it is the observation of the court that often the papers are served at the last minute for the very purpose of taking advantage of one’s adversary or else to force one’s adversary to consent to an adjournment of the motion. Such an adjournment is often unfair, particularly on a motion for summary judgment such as the motion here. Even if it is not unfair to one’s adversary, it often causes an unnecessary burden on the court and needless proliferation of a court’s calendar.
Suffice it to say that so far as this court is concerned, such practice will not be tolerated and the attention of the Bar, particularly that portion of it that practices in this court, is most seriously advised of it.
The court is not unmindful of the provision of CPLR 2004, but notes that an extension must be given "upon good cause shown.” Here the notice of motion was served in July and was returnable August 19, 1975. An adjournment was granted at the defendant’s request to September 9, 1975. The oral excuse given on the argument that the defendant "was in Syracuse for the last four weeks” is hardly good cause. Accordingly, the court refuses to consider the answering affidavit.
That is not to say, however, that the plaintiffs motion for summary judgment must be granted. CPLR 3212 requires that such a motion be supported by an affidavit reciting all material facts and that it show there is no defense to the action. It requires that the motion shall be granted if the cause of action is established sufficiently to warrant the court as a matter of law in directing judgment. Here the moving affidavit has only the ultimate conclusion that the amount due and owing to the plaintiff is $562 as evidenced by a statement attached to the moving papers. The statement merely shows a date, the number of a policy and a dollar amount of premiums. Certainly if that were all that were shown on a trial, the plaintiff could not be expected to have a directed verdict.
Accordingly, the motion is denied.