OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, for the reasons stated in the dissenting opinion of Justice David T. Gibbons in that court (81 AD2d 653, 654).
The excuses proffered by respondent amount to nothing more than law office failure, as both courts below recognized. Just as it is an abuse of discretion to accept law office failure as an excuse for a plaintiff’s failure to prosecute (Barasch v Micucci, 49 NY2d 594), so is it an abuse of *903 discretion to vacate a default on the application of a defendant whose only excuse is law office failure. Each party is entitled to expect the other to observe time requirements during the course of litigation, and both are equally subject to prejudice from failure to observe such requirements. Respondent here could have moved for an extension of time to answer (cf. A & J Concrete Corp. v Arker, 54 NY2d 870). It could also have sought a written stipulation pursuant to CPLR 2104, the provisions of which are, of course, designed to forestall precisely the difficulties presented in these cases.