■ S & S TIFFANY, LTD., Respondent, v WINDBLOWN SYSTEMS, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Amyot, J.), entered August 3, 1981, in Essex County, which denied defendants' motion seeking, *inter alia,* an order vacating and setting aside the default of defendants and vacating certain proceedings held during the week of June 9, 1981. On November 26, 1980, plaintiff initially commenced an action against defendant Windblown Systems, Inc., for an alleged breach of contract, breach of warranty, fraud and negligence, by service of a summons with notice upon the Secretary of State. This process was forwarded by the Secretary of State to Windblown's designated agent, its former attorneys Holzer and Nappi. These attorneys conveyed the process to defendant's new attorneys Pinks & Feldman. This action ended in dismissal without prejudice upon defendant's motion after plaintiff defaulted by less than three weeks in serving the complaint. The instant action was commenced on March 20, 1981 against both Windblown and Legend Motors, Inc., by service of summonses and complaints on the Secretary of State. However, this time the same former attorneys, upon receipt of the new process, failed to timely forward it to defendants' attorneys, Pinks & Feldman. Consequently, an answer was not timely interposed and plaintiff, on May 28, 1981, brought a motion returnable June 9, 1981 seeking a default judgment. Defendants served papers in opposition and a cross motion to vacate the default. The motion was returnable in the Supreme Court, Saratoga County, and defendants' papers were received by the clerk on June 8, 1981 in violation of a rule of that court requiring such papers to be filed five days in advance of the return day. The opposing papers and cross motion therefore were not before the court and the motion to enter a default judgment was granted without opposition. Counsel for defendants allege they were unaware of this rule since it is not the practice in their home county or in those nearby. Defendants next brought on a motion by order to show cause to vacate the proceedings resulting in the default judgment and their default in answering. Defendants did not personally appear on the return date of this motion, July 21, 1981, again allegedly because they were unfamiliar with court rules. The motion was denied by order entered August 3, 1981. Special Term issued no written decision. This appeal ensued. There should be an affirmance. Special Term did not abuse its discretion upon the facts and circumstances in this case in denying defendants' motion to vacate their defaults in serving an answer and in relation to the motions returnable June 9, 1981 (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Barasch v Micucci,* 49 NY2d 594). The excuses offered by defendants fall into the category of law office failure or are directly attributable to defendants and their agents. The initial

delay in responding to the second action brought by plaintiff was due to defendants' designated agent's failure to forward the summonses and complaints to defendants or to the attorneys for defendants. Defendants' attorneys do not contend that any change in designation of the person to receive process served on the Secretary of State was ever attempted or intended. This then is not a case where a third party's conduct caused the default. The excuse offered for the failure of defendants to personally appear at Special Term both on the return date of plaintiff's initial motion (June 9, 1981) and on the date of their own motion to vacate their default (July 21, 1981) also may be characterized as law office failure. The recent case of *Eaton v Equitable Life Assur. Soc. of U. S.* (*supra*) compels an affirmance. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.