■ PHELPS STEEL, INC., Respondent, v HUDSON VALLEY STEEL ERECTORS, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Miner, J.), entered April 6, 1981 in Schenectady County, which granted plaintiff's motion to vacate a default judgment in favor of defendant on its counterclaim. In connection with an action by plaintiff to recover the agreed value of steelware it delivered to defendant, defendant moved at Special Term for (1) an order of preclusion because of plaintiff's failure to serve a bill of particulars, and (2) a default judgment because of plaintiff's failure to timely serve a reply to defendant's counterclaim. Counsel for plaintiff consented to

the entry of a 45-day order which provided that both the bill of particulars and reply be served within the agreed time. A copy of the signed order with notice of entry was served personally upon plaintiff's attorney on April 15, 1980. Although the bill of particulars was timely served, no reply was served and judgment for the amount demanded in the counterclaim was entered on June 9, 1980. Thereafter, upon plaintiff's motion, Special Term vacated the default judgment finding a lack of willfulness, a reasonable excuse for the delay and a meritorious defense to the counterclaim. We are constrained to reverse. Despite the explicit language of the consent order requiring his client to serve a reply within 45 days of entry of such order, counsel for plaintiff proffered the excuse that he never consented to the entry of a default judgment and that he was unaware of that provision of the order dealing with service of a reply to the counterclaim until after the 45 days had elapsed. This excuse falls within the ambit of law office failure and, under the rationale of *Barasch v Micucci* (49 NY2d 594) as enlarged by *Eaton v Equitable Life Assur. Soc. of U.S.* (56 NY2d 900), cannot serve as a basis for excusing a default. To vacate a default where law office failure exists, as here, constitutes an abuse of discretion as a matter of law. Order reversed, on the law, with costs, and motion to vacate default denied. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.