■ HERBERT A. PAGE, Appellant, v MARY G. PAGE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered January 21, 1982 in Rensselaer County, which denied plaintiff's motion for a judgment by default. As the result of marital difficulties, defendant wife left the marital residence in August, 1977 and with the two minor children of the marriage moved to Mississippi. For two years thereafter, the parties attempted through their attorneys to reach a separation agreement. Having received no response to his offer of January, 1979, plaintiff husband commenced an action for divorce by service of a summons with notice personally upon defendant in Mississippi. Notice of appearance was served on behalf of defendant on October 15, 1979 by her Albany law firm. Service of the complaint was deferred by agreement pending renewal of settlement negotiations. In February, 1980, plaintiff made another offer which was rejected by defendant's attorneys. Nothing further transpired until July 25, 1980, when plaintiff's attorneys served their complaint. Defendant's attorneys replied by letter dated July 30, 1980 stating that they had been replaced by a new attorney but that no formal substitution had as yet been effected. Their requested extension was granted for that purpose. For the next eight months, plaintiff's attorneys repeatedly requested information from defendant's attorneys as to the status of the substitution. No action having been taken, on April 3, 1981, plaintiff's attorneys wrote defendant's attorneys requesting that the matter be given immediate attention or plaintiff's attorneys would move for a default judgment. Having received no response to this letter, on October 2, 1981, plaintiff's attorneys served a notice of motion on defendant's attorneys for default judgment pursuant to section 211 of the Domestic Relations Law, returnable on October 13, 1981. On October 12, 1981, the only affidavit filed in opposition to the motion was an affidavit of the attorney who allegedly was to be substituted, which attributed the delay to his difficulty in obtaining the file from defendant's previous attorneys because their fees had not been paid. Special Term denied plaintiff's motion, finding that the matter was not uncontested. We disagree. Defendant seeks to excuse the default on the ground that her original attorneys wrongfully refused to execute a consent to change attorneys. Assuming this allegation is true, CPLR 321 (subd [b], par 2, added by L 1980, ch 119, § 1, eff Jan. 1, 1981) specifically provided a method for court-ordered substitution some nine months before plaintiff moved for default judgment. In any event, the excuse offered by defendant amounts to nothing more than law office failure, which, as a matter of law, is insufficient to vacate a default (*Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900). Moreover, the record contains neither a proposed answer nor an affidavit of defendant showing a meritorious defense. Finally, defendant's claim that plaintiff is not entitled to a default judgment since he allowed defendant to remain in default for more than one year (see CPLR 3215, subd [c]) is meritless, since defendant was not in default during the period that plaintiff had granted defendant's request for an extension of time within which to answer. This extension expired no earlier than six months before plaintiff moved for default judgment. Since plaintiff's written proof in support of his motion met the requirements of section 211 of the Domestic Relations Law (as amd by L 1978, ch 528, § 5), his motion for final judgment of divorce should have been granted. Special Term's order must, therefore, be reversed. Order reversed, on the law, with costs, and plaintiff's motion for final judgment of divorce by default granted. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.