■ ALAN S. STOLOWITZ et al., Respondents, v MOUNT SINAI HOSPITAL, Appellant. — Order, Supreme Court, New York County (Helman, J.), entered on December 1, 1981, affirmed, without costs and without disbursements. Concur — Carro, Asch and Markewich, JJ.

Sandler, J. P., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: I would modify the order appealed from so as to make the dismissal of the complaint absolute and not conditional. There is no showing either of merit to the plaintiffs' claim or an acceptable excuse for the default. Both are required before the default can be excused. (*Barasch v Micucci,* 49 NY2d 594.) The action is for medical malpractice. The alleged malpractice occurred, if at all, on or before January 21, 1978. On July 18, 1980, just before the expiration of the Statute of Limitations, the summons was served, without a complaint, by service on the clerk of the Supreme Court pursuant to CPLR 203, and the summons was thereafter delivered to the defendant on August 11, 1980. On August 26, 1980, defendant demanded a complaint under CPLR 3012. No complaint was received, and no application for an extension of time to serve the complaint was made. On May 11, 1981, defendant moved to dismiss the action under CPLR 3012 (subd [b]) for failure to serve the complaint. The motion apparently did not come on for some reason until September. On September 18, 1981, plaintiffs cross-moved for an extension of time to serve the complaint until 10 days after receipt of the hospital record from the defendant. The court denied the relief requested by plaintiff but granted the motion to dismiss unless defendant served a complaint within 20 days after service of a copy of the order to be entered. In my view, this condition was unjustified. There is not the slightest indication of merit to the action. All we have is a statement by the lay plaintiff of the course of his illnesses. Nowhere is there

any suggestion of what it is that the hospital is supposed to have done wrong, or even that the hospital did anything wrong. Thus, over three and one-half years after the alleged malpractice, plaintiffs are still unable to make the slightest showing of merit. Plainly the case was begun simply in the hope that something would develop. The excuse given for the default in service of the complaint stems from the same lack of merit. The excuse is that without a copy of the hospital record, the plaintiffs' attorney was unable to draft the complaint or determine whether there was malpractice, and that obtaining a copy would cost $471, which plaintiff was unable to afford. There is no showing that the attorney could not have gone to the hospital and looked at the record. Neither is there any showing of any reason why the attorney did not apply for an extension of time to serve the complaint. (See *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900.) Obviously the lawyer saw no reason to do anything in this unmeritorious case beyond serving a summons to stop the running of the Statute of Limitations. Lack of information as to whether a plaintiff has a cause of action is not even a basis for bringing an action in the first place, much less an excuse for failing to comply with the requirement of serving a complaint within 20 days after demand or for failing even to request an extension of time.