█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN VIGNA, Appellant. — Judgment of the County Court, Westchester County (Marasco, J.), rendered June 27, 1980, affirmed. No opinion. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

# (November 22, 1982)

█ MARISELA ARBREU, Respondent, v VIKTOR KITLITZ et al., Defendants, and JAMES EANUZEL, Appellant. — In a negligence action to recover damages for personal injuries, defendant James Eanuzel appeals from an order of the Supreme Court, Kings County (Adler, J.), dated March 16, 1982, which denied his motion for summary judgment. Order affirmed, with $50 costs and disbursements. A question of fact exists on this record as to (1) whether or not defendant Eanuzel gave implied permission to defendant Kitlitz to road test his car, after repairs were completed and, assuming that implied permission was given, (2) whether or not Kitlitz was actually road testing the car, or was merely engaged in personal use of the car, at the time of the accident. Accordingly, Eanuzel's motion for summary judgment was properly denied. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

█ VERONICA BECKER, Appellant, v BABYLON TRANSIT INC., et al., Defendants, and INTER COUNTY MOTOR COACH CORP., Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County (McGinity, J.), dated December 18, 1981, which granted the motion of defendant Inter County Motor Coach Corp. to vacate a default judgment entered against it. Order reversed, on the law, with $50 costs and disbursements, and motion denied. To vacate a default judgment, a defendant must demonstrate a reasonable excuse for the default and make a prima facie showing of legal merit. Law office failure, as a matter of law, is an insufficient excuse for the purpose of supporting a motion to vacate a default judgment (see *Barasch v Micucci*, 49 NY2d 594; *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900). Defendant Inter County Motor Coach Corp. has provided no affidavit of merits, attested to by one with personal knowledge of the facts in issue, to substantiate its assertion that it has a meritorious defense to plaintiff's action. Further, the affirmation of its attorney, submitted in support of its motion to vacate its default, provides no explanation for that default. Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.