## (November 23, 1982)

■ GEORGE A. WEISSBLUM et al., Appellants, v MOSTAFZAFAN FOUNDATION OF NEW YORK, Formerly Known as the PAHLEVI FOUNDATION, Respondent. — Order, Supreme Court, New York County (Tyler, J.), entered August 20, 1981, granting defendant's motion to vacate its default, affirmed, without costs or disbursements. *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900) holds that Special Term abuses its discretion as a matter of law when it vacates the default of a defendant who has no excuse other than law office failure. That is not the case here. Admittedly there was law office failure when the defendant's attorneys misfiled the summons and complaint and the error was not discovered until at most 22 days after the time to answer had expired. But here we have an additional factor. Special Term found, and we believe properly so, that, if there was not an extension of time granted for the defendant's answer, the communications between the attorneys provided reasonable ground for the defendant's attorney's belief that a late answer would be accepted. Given that circumstance, together with the brevity of time — 28 days — between the date of the default and the proffering of the answer, the lack of prejudice to the plaintiff, and the merit of the defense, we find no abuse of discretion. Concur — Murphy, P. J., Carro, Bloom and Lynch, JJ.

Markewich, J., dissents in a memorandum as follows: This action for brokerage commissions was commenced on March 4, 1981 by service of both summons and complaint. On April 1, 1981, after time to answer had expired, counsel for defendant-respondent attempted to serve an answer, but was

rebuffed after a three-week delay while plaintiffs considered whether it would be acceptable. In the interval, default was entered. Defendant-respondent's motion to vacate the default was granted. No explanation was given for the delay except that the papers had been inexplicably lost in counsel's office for some weeks after receipt from the client. Upon their discovery, an attempt was made to have the untimely answer accepted. This was rejected after some delay while counsel considered whether to do so. In the interval, the default was entered on ex parte application. It must be noted that we do not regard this sort of cat-and-mouse game as appropriate conduct for members of an honored profession; however, it must be remembered that the difficulty now experienced by defendant-respondent had its genesis in a classic example of law office failure. "The excuses proffered by respondent amount to nothing more than law office failure * * * Just as it is an abuse of discretion to accept law office failure as an excuse for a plaintiff's failure to prosecute (*Barash v Micucci,* 49 NY2d 594), so is it an abuse of discretion to vacate a default on the application of a defendant whose only excuse is law office failure. Each party is entitled to expect the other to observe time requirements during the course of litigation, and both are equally subject to prejudice from failure to observe such requirements." (*Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900, 902-903; Chase, New York Practice; Barasch/Eaton Rule, NYLJ, Oct. 27, 1982, p 1, col 1.) Harsh as it may seem in the circumstances depicted, the memorandum opinion in *Eaton* permits of no deviation from its rule, even that attempted to be availed of here in the memorandum for the court that "the communications between the attorneys provided reasonable ground for the defendant's attorney's belief that a late answer would be accepted." This is squarely negated in *Eaton* (p 903): "Respondent here could have moved for an extension of time to answer (cf. *A & J Concrete Corp. v Arker,* 54 NY2d 870). It could also have sought a written stipulation pursuant to CPLR 2104, the provisions of which are, of course, designed to forestall precisely the difficulties presented in these cases." Accordingly, the excuse for the delay must be considered to be unacceptable. However, even were the default found to be excusable the motion to vacate it should be denied. "In seeking to vacate the default judgment in this action to recover a broker's fee, it was incumbent upon defendant to show that the default was excusable and that there is a meritorious defense (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.04). In the absence of a showing of both excusable default *and* a meritorious defense, relief under CPLR 5015 (subd [a], par 1) is unavailable (see *Montmarte, Inc. v Salvation Army,* 20 AD2d 536). Study of the record herein discloses that no sufficient showing of a meritorious defense was made." (*Small v Applebaum,* 79 AD2d 572, 572-573.) The "meritorious defense" asserted on the motion for vacatur was no more than a general denial of any brokerage arrangement, against which there is a documentary showing that some negotiation had taken place between the parties relating to the alleged brokerage activity. The order of vacatur entered August 20, 1981 in Supreme Court, New York County (Tyler, J.), should be reversed and the motion denied.