■ ROBERT FITZGERALD, Respondent, v PATZ COMPANY et al., Appellants, et al., Defendants. — Order of the Supreme Court, New York County (Sherman, J.), entered on July 19, 1982, which, *inter alia,* denied appellants' motion pursuant to CPLR 5015 (subd [a], par 1) to reopen its default, modified, on the law and the facts, to grant appellants' motion to vacate the default, and to deem the answer timely served, and otherwise affirmed; order of the Supreme Court, New York County (Schwartz, J.), entered on April 5, 1982, which, *inter alia,* granted plaintiff's motion to set the matter down for an inquest and denied appellants' motion for a stay, reversed, on the law and the facts, the motion to set the matter down for an inquest is denied, and the motion for a stay is denied as moot; appellants' appeal from the order of the Supreme Court, New York County (Schwartz, J.), entered on March 30, 1982, which granted reargument but adhered to the prior determination of the order entered on February 23, 1982 which had granted plaintiff's motion for a default judgment, dismissed as moot; and appellants are awarded one bill of costs with respect to these consolidated appeals. The issue on appeal in this products liability action is whether there is a legally sufficient excuse for the manufacturer defendants' failure timely to answer the complaint, or whether the delay was caused by inexcusable law office failure under the rule of *Barasch v Micucci* (49 NY2d 594), and *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900). We hold that there was a legally sufficient excuse for the default. Plaintiff commenced this action in New York County on July 1, 1981. On July 9, 1981, appellants filed a demand for change of venue to Westchester County where plaintiff resides and where the accident occurred. Twice, at the request of counsel for plaintiff, appellants' counsel agreed to adjourn the return date of the demand for a change of venue. The basis of venue in New York County was the residences of certain named defendants other than appellants, who had employed plaintiff at the time of the alleged injury. By order entered on April 20, 1982, in Supreme Court, New York County (Scott, J.), Special Term transferred the case to Westchester County Supreme Court, holding that the inclusion of these employer defendants, against whom a workers' compensation award would be the sole remedy, was an impermissible subterfuge that could not provide a basis for venue. On August 4, 1981, the employer defen-

dants moved for dismissal of the action as against them under CPLR 3211, thus triggering an automatic stay. That motion was granted on October 21, 1981. A decision dated September 8, 1981, was rendered by Justice Ryp denying without prejudice appellants' motion to change venue with leave to renew after the CPLR 3211 motion by the employer defendants was decided. However, though Justice Ryp's decision was dated September 8, 1981, no order was filed in the county clerk's office effectuating the decision until February 10, 1982. Thus, when the employer defendants were removed from the case on October 21, 1981, causing the automatic stay to expire, appellants were still awaiting a decision on their motion for change of venue, which motion had requested a stay. On February 1, 1982, plaintiff moved for a default judgment, which motion was granted by Special Term (Schwartz, J.), by order filed February 23, 1982. The memorandum decision accompanying that order erroneously stated that appellants' motion to change venue and stay proceedings had been denied on September 8, 1981, when in fact the record shows, as noted above, that the order denying the motion without prejudice was not filed until February 10, 1982. Appellant filed separate notices of appeal from three orders which this court consolidated on October 26, 1982, staying all proceedings with respect to the inquest ordered by Justice Schwartz. Special Term should have exercised its discretion to excuse appellants' default in answering the complaint under the particular circumstances of this case. The delay here was not occasioned by law office failure as comprehended by the *Barasch* and *Eaton* cases. Moreover, plaintiff should not be allowed to profit from his disingenuous attempt to create venue in New York County. Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Alexander, JJ.