OPINION OF THE COURT
Stephen G. Crane, J.
Defendants move to vacate their defaults in opposing plaintiff’s motion for summary judgment which resulted in entry of a default judgment against them for $19,418.60 plus interest.
Plaintiff had moved on August 27, 1982, by notice of motion returnable September 16, 1982, for summary judgment to dismiss the counterclaims and for the amount demanded in the complaint. The notice contained a demand pursuant to CPLR 2214 (subd [b]) that answering papers be served at least five days before the return date. On the call of the calendar on September 16,1982, plaintiff opposed the filing of defendants’ responding papers and cross motion since they were served on September 15. Accordingly, the court rejected these papers and the motion was decided on October 6,1982 on default. On November 30,1982, an order was entered authorizing the clerk to enter judgment. I presume such a judgment was actually entered thereafter, but neither side has presented a copy.
*321 This motion to vacate the default was brought on by an order to show cause dated December 21, 1982, containing an interim stay of enforcement of the default judgment. In addition to stressing the merits of the defense, including a claim of Mr. Rohrbach’s incompetence to contract for the nursing home services that were the subject of the complaint, defendants’ counsel proffered an excuse for the tardy service of their papers:
“8. The undersigned was on vacation when the motion papers were delivered to his office and he did not return until Labor Day. That was September 6, 1982.
“9. A cross-motion and affirmation was [sic] immediately dictated and a draft typed by September 9,1982. Plaintiff’s attorneys were telephoned on or about September 13 or 14 and an extension of time was requested in order to re-do the defendants’ papers. Until this time there was a cordial and professional relationship with plaintiff’s attorney Mr. Goldstein who had been handling this matter. However, on this occasion the undersigned was directed to Carol Kreisberg who flatly denied my request for additional time * * * I decided to serve the draft of the cross-motion and opposing affirmation. This decision was made because I could not personally appear at Special Term, Part I and request an extension of time personally.”
The attorney served his papers on September 15 and transmitted the originals through “service” which advised that the motion had been submitted. Counsel learned of their rejection in November.
Indifference to the requirements of CPLR 2214 is unfair to the moving party and impairs the administration of justice. (Wallin v Wallin, 34 AD2d 870.) It is not unprecedented, therefore, for a court to reject tardy papers opposing a motion for summary judgment. (See Wallin v Wallin, supra [summary judgment granted]; Glens Falls Ins. Co. v Russo, 83 Misc 2d 474 [summary judgment den].) Insofar as defendants’ papers also sought relief on a cross motion, they were late for an additional reason: CPLR 2215 requires service at least three days before the return date of a notice of cross motion.
Plaintiff’s notice of motion was served at least 10 days before the motion was noticed to be heard. It contained the *322 five-day demand for answering papers. Without this demand, answering papers would have been required to be served at least two days before the return date. (CPLR 2214, subd [b].)
Obviously, defendants’ service the day before the date the motion was noticed to be heard complied with neither deadline. And, plaintiff objected!
Since defendants’ papers were not served in accordance with these time requirements, they could not be read in opposition to the motion unless good cause excused the neglect. (CPLR 2214, subd [c]; cf. CPLR 2004.) In the case at bar, defendants offer a vaguely expressed excuse. Their attorney anticipated that plaintiff’s counsel would be indulgent in granting an extension because of a previous “cordial and professional relationship” with his adversary. This claim, without more, provided no reasonable ground for defendants to believe that plaintiff’s attorney would accede to an extension. Besides, defense counsel never even requested an extension until two or three days after the deadline had passed for serving opposing papers.[1]
The excuse defendants proffer for failing to serve their answering papers on time represents nothing more than law office failure. Barasch v Micucci (49 NY2d 594) and Eaton v Equitable Life Assur. Soc. of U. S. (56 NY2d 900) teach that defaults by either a plaintiff or a defendant may not be vacated when the only excuse offered is law office failure.[2] (See S & S Tiffany v Windblown Systems, 89 *323 AD2d 751, applying Eaton, supra, in a violation of a local five-day rule.)
Defendants are not helped by Weissblum v Mostafzafan Foundation of N.Y. (90 AD2d 741) which distinguished Eaton (supra) on the ground that “if there was not an extension of time granted for the defendant’s answer, the communications between the attorneys provided reasonable ground for the defendant’s attorney’s belief that a late answer would be accepted.” The court (Markewich, J., dissenting) concluded that this reasonable belief, together with other factors bearing on an exercise of discretion, warranted vacating the default. At bar, no reasonable ground for a similar belief emerges from defendants’ papers.
Because there is here involved the estate of a conservatee, and merit appears in the defense that the conservatee may have been incompetent at the time of the contract sued upon, had I discretion to grant this motion I would have imposed as conditions to vacatur that defendants’ attorney personally pay $500 to plaintiff and that the judgment stand as security pending determination of the action.[3] But Barasch (supra) and Eaton (supra) deprive me of such discretion.
Therefore, defendants’ motion to vacate their default is denied. The stay of enforcement of the judgment, contained in the order to show cause, is vacated 15 days from the entry of this order.

. Although this case presents a default of minimal proportions (cf. Kim v Mars Cup Co., NYLJ, Sept. 24, 1982, p 16, col 2), its context must be kept in mind: The rule requires service five days before the return date and each day of delay constitutes 20% of the total time allotted; defendants’ default represents an 80% delay. Indeed, it cannot go without notice that defendants did nothing to rectify their default until the order was entered on November 30,1982. They did not learn of the rejection of their papers because their “service” — an extension or agent of the law office of defense counsel — misinformed them. They failed to note my decision on their default rendered October 6,1982. And, they waited until December 21,1982 to present an order to show cause bringing on this motion to vacate their default. Defendants offer no excuse for this additional delay.

. Miskiewicz v Hartley Rest. Corp. (58 NY2d 963) does not represent a retreat from this position. The Appellate Division in that case (88 AD2d 586), had equated the unavailability of a medical report with “law office failure.” The Court of Appeals apparently disagreed with this equation and remanded for review of Special Term’s exercise of discretion when it excused plaintiff’s delay in filing a note of issue. In a case of law office failure, no such discretion exists (Barasch v Micucci, 49 NY2d 594; Eaton v Equitable Life Assur. Soc. of U. S., 56 NY2d 900).

. Defendants’ observation that a denial of this motion will permit a raid on a substantial portion of the conservatee’s estate is a misguided emotional appeal to the court’s sympathy. First, the conservatee was not necessarily incompetent to contract for the services he undeniably received. Second, if he was incompetent, plaintiff may be entitled to recover the reasonable value of the necessities of life it provided for Mr. Rohrbach during his lengthy stay at plaintiff’s facility. Last, but not least, the very ground for denying this motion may shift the ultimate liability for the judgment to the conservator as fiduciary of Mr. Rohrbach or to defense counsel who was chosen by the conservator.