■ DEBRA A. PLOUFF et al., Appellants, v BROOKLYN UNION GAS COMPANY, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County (Lodato, J.), dated November 12, 1982, which denied their motion for a default judgment and inquest, and granted defendant's cross motion for leave to serve its answer (which Special Term treated as a cross motion for an enlargement of time within which to answer the complaint). Order reversed, on the law, with costs, motion granted and cross motion denied. This action to recover damages, *inter alia*, for personal injuries sustained in a trip-and-fall accident, was commenced by service of summons and complaint on December 4, 1981. Several stipulations extending defendant's time to answer were agreed to by counsel for the plaintiffs. According to defendant, plaintiffs' attorney gave his oral consent, on September 22, 1982, to a final extension of time to offer a sum of no less than $50,000 in settlement no later than September 29, 1982, or to interpose its answer by that date. Plaintiffs' counsel asserts that a final extension was granted only to September 24, 1982, and a written stipulation to that effect was drafted by defendant and, as amended to reflect its finality, was executed by plaintiffs' counsel on September 14, 1982. No offer being made, plaintiffs' counsel, by notice of motion dated October 19, 1982, moved for a default judgment and defendant cross-moved, by notice dated October 27, 1982 and with a proposed answer annexed, for leave to serve the answer. Under either party's version of the facts, therefore, defendant attempted to serve its answer either 28 or 33 days after the expiration of the last extension of time to answer and 10 months after the answer was due under CPLR 3012 (subd [a]). The issues in this case are not complex, and defendant had a medical examination of the injured plaintiff performed in July, 1982 and had reviewed her medical records as well as its own records prior to at least one of the extensions of time. The case is therefore distinguishable from the situation in *Hayes v Burke* (88 AD2d 746). Furthermore, through its claims department, defendant had conducted an investigation and obtained the signature of plaintiffs' counsel to the stipulation extending time to September 24, 1982. That stipulation was drafted by defendant and clearly stated that its time to answer expired on September 24, 1982. Nothing in the affidavit of the defendant's chief investigator respecting the purported oral stipulation, extending the deadline to September 29, 1982, indicates that the defendant had any basis for believing that its answer could be interposed at some later date if it decided to

litigate rather than compromise. Therefore, there is no basis in the record for concluding that the parties' "communications * * * provided reasonable ground for the defendant's * * * belief that a late answer would be accepted" (see *Weissblum v Mostafzafan Foundation of N. Y.*, 90 AD2d 741). In short, having failed to comply with the stipulations to either make an offer of settlement or interpose its answer by the date fixed, this court must conclude that defendant had no excuse for its delay in answering (see *Chinnici v Tonvin Realty Corp.*, 88 AD2d 609), and therefore we reverse the order denying plaintiffs' motion for a default judgment and granting the defendant's cross motion. Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.