properly granted as to the fourth affirmative defense and counterclaim. Likewise, Special Term properly granted the motion with respect to the fifth affirmative defense and counterclaim inasmuch as on the record presented there is no duty either contractual or implied in law obligating plaintiff to repurchase defendant's inventory. (Appeal from order and judgment of Supreme Court, Monroe County, Boehm, J. — breach of contract.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ V & L AUDIO ASSOCIATES, INC., Appellant, v LOUIS J. DI LAURO, Respondent. LOUIS J. DI LAURO, Respondent, v V & L AUDIO ASSOCIATES, INC., et al., Appellants. (And Another Action.) (Appeal No. 1.) — Appeals unanimously dismissed, without costs, upon stipulation. (Appeals from order of Supreme Court, Monroe County, Smith, J. — discovery.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ V & L AUDIO ASSOCIATES, INC., Appellant, v LOUIS J. DI LAURO, Respondent. LOUIS J. DI LAURO, Respondent, v V & L AUDIO ASSOCIATES, INC., et al., Appellants. (And Another Action.) (Appeal No. 2.) — Appeals unanimously dismissed, without costs, upon stipulation. (Appeals from order of Supreme Court, Monroe County, Smith, J. — discovery.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ In the Matter of the FORECLOSURE OF TAX LIENS BY THE COUNTY OF ERIE. RICHARD F. MORGAN et al., Appellants. — Order unanimously affirmed, without costs. Memorandum: Appellants hold the first mortgage on property in Erie County which is the subject of a foreclosure proceeding for nonpayment of taxes pursuant to article XI of the Erie County Tax Act. Special Term denied appellants' motion to vacate a judgment taken on their default which directed the foreclosure of certain tax liens and the public auction of the mortgaged property. Appellants argue that the property was not sufficiently identified in the list of delinquent taxes and properties so as to constitute legal notice to them. We disagree. The subject parcel was identified with reasonable certainty (*Goff v Shultis*, 26 NY2d 240, 245, mots for rearg den 27 NY2d 670, 817; Real Property Tax Law, § 1122, subd 3; Erie County Tax Act, § 11-4.0). Moreover, appellants have failed to demonstrate an acceptable excuse for the default (*Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900, 902-903; CPLR 5015, subd [a], par 1). (Appeal from order of Erie County Court, Wolfgang, J. — vacate default judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WARNER A. MORRIS, Respondent. — Order unanimously affirmed. Memorandum: An indictment which alleges one count of rape and one count of sodomy, and alleges in each count that the crime was committed "during the month of November 1980", is not subject to dismissal as defective under CPL 200.50 (subd 6) if it is supplemented by a bill of particulars which, with reasonable particularity, sets forth the date or period of time when each crime was committed (see *People v Iannone*, 45 NY2d 589, 597-598; *People v Fitzgerald*, 45 NY2d 574, 579-580; *People v Bogdanoff*, 254 NY 16; see, also, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 200.50, p 461). To the extent that language in *People v Pries* (81 AD2d 1039) may be read to state a contrary rule, it is rejected. Nonetheless, the indictment here was properly dismissed with leave to resubmit the charges to another Grand Jury. The bill of particulars submitted by the prosecutor refines the indictment only to the extent of asserting that the respective crimes were committed between November 7, 1980 and November 30, 1980. Read together, the indictment and bill