■ LOIS M. KANE et al., Respondents, v STATE FARM MUTUAL AUTOMOBILE INSURANCE Co., Appellant, et al., Defendant. — Order of the Supreme Court, New York county (Hilda G. Schwartz, J.) entered June 17, 1983, denying defendant's motion to vacate the order granting plaintiffs' application to set the matter down for inquest and to grant defendant leave to serve its notice of appearance and demand for a complaint, *nunc pro tunc,* reversed, with costs, on the law, the facts and in the exercise of discretion, and defendant's motion granted. Plaintiffs brought this action to recover $10,000,000 bottomed upon the claim of intentional infliction of serious mental distress, negligence, prima facie tort, breach of contract and duties and all other causes of action flowing from defendant's grievous wrongdoing with reference to policy number 4336538-A2832C (State Farm Mutual Insurance Co.). The wrongdoing, it turns out, consists of a notice sent by the insurance broker for Lois Kane, one of the plaintiffs, that her policy of automobile insurance with State Farm had been canceled. Jurisdiction was obtained by service of the summons with notice upon the Secretary of State on February 28, 1983. He, in turn, forwarded the summons to defendant's main office in New Jersey. Pursuant to CPLR 320 (subd [a]) and 3012 (subd [b]) defendant was required to serve its notice of appearance on or before March 30, 1983. On April 7, 1983, plaintiffs applied for and obtained an ex parte order setting the matter down for inquest. Annexed to its papers was a copy of the complaint. On April 28, 1983, defendant, by its attorneys, served its notice of appearance, together with a demand for a copy of the complaint. Plaintiffs rejected the notice of appearance and demand. Their attorney, who is one of the plaintiffs, refused to give defendant's attorney a copy of the complaint or information as to its contents. He did however, inform defendant's attorney of the index number of the case. Examination of the court file gave defendant its first clue as to the nature of the case. On May 4, 1983, defendant moved, by order to show cause, returnable May 10, to vacate the order setting the case down for inquest and to vacate its default. The excuse offered by the defendant is that the notice on the summons failed to alert it to the nature of the action and, by consequence, the summons was shuttled among its several offices in the metropolitan area for the purpose of determining the meaning of its content. Ultimately, it was ascertained that plaintiff Lois Kane, the insured, had been in an accident on the Brooklyn-Queens Expressway on October 10, 1980. However, the claims superintendent who ascertained this fact was at a loss to connect it with the indorsement on the summons. Indeed, it would seem that it had no connection. The matter was then referred to counsel with the results indicated. We are of the opinion that the motion to vacate the order setting the matter for inquest and to vacate the default should have been granted. The excuse offered for the delay in interposing a notice of appearance is reasonable. Similarly, defendant's claim that the notice of cancellation had been sent mistakenly by the insurance broker for

Lois Kane, who is named as a party but who has not been served, without authority from State Farm is indicative that defendant may have a meritorious defense. In passing we note that we believe that granting of the motion would have been proper even under the onerous *Barasch-Eaton* rule (*Barasch v Micucci*, 49 NY2d 594; *Eaton v Equitable Life Assur. Soc.*, 56 NY2d 900). Whatever doubt there may be on that score has been put to rest by chapter 318 of the Laws of 1983, which became effective on June 21, 1983 and is applicable to every action or proceeding still pending before a court (*Weissblum v Mostafzafan Foundation*, 59 NY2d 815). Concur — Ross, J. P., Asch, Silverman, Bloom and Alexander, JJ.