■ WILLIAM J. ATCHINSON et al., Respondents, v COHOES BOWLING ARENA, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered April 22, 1983 in Albany County, which, *inter alia,* granted plaintiffs' motion for a default judgment against the individual defendants, Thomas D. and Lorraine M. Walsh, and denied a cross motion to correct a defect in the answer or to amend the answer. Plaintiffs commenced the instant action, seeking damages arising out of a slip and fall in the parking lot of the Cohoes Bowling Arena, by service of summons and complaint upon the corporate defendant and the two individual defendants. Only the corporate defendant timely answered. Accordingly, plaintiffs moved for judgment by

default against the two individual defendants. The corporate defendant cross-moved to amend its answer to include the individual defendants or, in the alternative, to correct a defect or mistake so as to include the individual defendants in the answer. Special Term granted plaintiffs' motion and denied the cross motion. We agree with Special Term that the failure to include the individual defendants in the corporate defendant's answer was not a mere technical defect or irregularity. The answer specifically names only the corporate defendant and responds to all paragraphs in the complaint directed specifically at the corporate defendant or all defendants while omitting any response to many of the paragraphs of the complaint directed only at the individual defendants. Accordingly, it does not appear, as defendants contend, that the answer clearly was intended to be on behalf of the individual defendants as well and that the omission of their names was a mere irregularity. On the contrary, we agree with Special Term that the failure to include the individual defendants in the corporate defendant's answer amounted to a default. It follows, therefore, that Special Term properly denied the cross motion to amend the answer or to correct a defect in the answer, for to grant the motion would open the individual defendants' default without the required showing of an excuse for the default and a meritorious defense. In our view, however, the individual defendants should not be precluded from moving to vacate the default judgment upon a proper showing. The cross motion denied by Special Term was directed only at amending or correcting a defect in the answer of the corporate defendant. The individual defendants sought no direct relief by way of opening their default and, thus, submitted no proof on the question of whether they were entitled to such relief. Under the unusual circumstances herein, and in view of the recent amendment of the CPLR (CPLR 2005, added by L 1983, ch 318), effectively overruling *Eaton v Equitable Life Assur. Soc.* (56 NY2d 900), cited by Special Term, the denial of the cross motion herein should be without prejudice to a motion by the individual defendants to vacate the default judgment upon a proper showing. The order should be modified accordingly. Order modified, on the law and the facts, by adding to the second decretal paragraph the phrase "without prejudice to a motion by the individual defendants to vacate the default judgment", and, as so modified, affirmed, without costs. Sweeney, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.