■ VEGA CAPITAL CORP., Respondent, v W.K.R. DEVELOPMENT CORP. et al., Appellants. — Order of the Supreme Court, New York County (Burton S. Sherman, J.) entered May 11, 1983 denying defendants' motion to vacate their default in connection with plaintiff's motion for summary judgment in lieu of complaint unanimously reversed, on the law, the facts and in the exercise of discretion, without costs of appeal, and the motion granted on condition that defendants pay to plaintiff the sum of $500 as costs of the motion within 30 days after entry of the order herein. In the event that defendants shall fail to pay such motion costs within the time prescribed, the order appealed from is affirmed, with costs. Plaintiff is a licensed lender under the Small Business Investment Act of 1958 (US Code, tit 15, § 661 *et seq.*). Together with ESIC Capital, Inc., another small business corporation, it loaned the sum of $350,000 to defendant W.K.R. to acquire and develop certain property in Maryland. The loan was evidenced by a note executed by W.K.R. and a loan agreement which was executed by the principals and by the individual defendants as guarantors. The note carried with it interest at the rate of 15% per annum. Simultaneously with the execution of the note and loan agreement W.K.R. executed a financial consulting agreement with ESIC Advisory and Consulting Services, Ltd., and Developers Aid, Inc., pursuant to which W.K.R. agreed to pay them a consultant's fee of $1,500 per month for the duration of the loan for advisory services. The consulting agreement provided that it "shall be construed together [with the documents simultaneously executed], so that a default" under any of the documents shall constitute a default under the consulting agreement. Defendants defaulted under the loan agreement and plaintiff moved for summary judgment in lieu of complaint. The motion papers

were served upon Peter Greenberg, a Washington attorney, who sent them on to Michael E. Shoeman, a New York attorney, with instructions that if the matter were not settled the lead attorney in the action would be one Roger Zuckerman, a Washington attorney, who had been involved in other litigation between the parties. As the return date of the motion approached Mr. Shoeman made a number of efforts to reach Mr. Zuckerman. Zuckerman, however, was then involved in litigation and Shoeman's efforts proved unavailing. Acting upon the belief that the matter had been settled Shoeman did not respond to the motion and the default followed. On January 28, 1983, 11 days after the default, Shoeman ascertained the fact of default and moved to vacate it. Special Term, basing its holding on a finding of law office failure, denied the motion and defendants appeal. The draconian *Barasch-Eaton* rule (*Barasch v Micucci,* 49 NY2d 594; *Eaton v Equitable Life Assur. Soc.,* 56 NY2d 900) which furnished the underpinning for the rule that law office failure of itself was sufficient to defeat a motion to vacate a default has been set to rest by the adoption of chapter 318 of the Laws of 1983. Such a default may now be excused upon such terms as may be just (CPLR 2005, 3012, subd [d]). However, the rule remains that in order to justify vacatur of a default the defaulting party must demonstrate a meritorious claim or defense. Here, the claim is advanced that the loan was usurious. Under the regulations of the Small Business Administration the maximum rate of interest allowable is 15%. The contention is made that the financial consulting agreement with ESIC Advisory and Consulting Services, Ltd., and Developers Aid, Inc., was entered into by W.K.R. with the understanding that no such consulting services were to be rendered and that the agreement was merely a mask for increasing the return on the loan. Credence is lent to this claim by the form submitted to the Small Business Administration signed both by W.K.R. and ESIC Capital, Inc., stating that under the terms of the loan no management services were to be provided to W.K.R. We think these facts, if established, may well provide the basis for the meritorious defense. While vacatur of the default is justified, we think the law office failure involved warrants the imposition of costs upon defendants. Accordingly, we condition vacatur of the default upon payment of $500 costs. Concur — Murphy, P. J., Ross, Carro, Asch and Bloom, JJ.