■ BARBARA WILL et al., Appellants, v COUNTY OF NASSAU et al., Respondents. — Appeal by plaintiffs from an order of the Supreme Court, Nassau County (McGinity, J.), entered July 15, 1981, which only conditionally granted their motion to strike defendants' answer for failure, *inter alia,* to produce certain noticed employees for an examination before trial and pay $84 in stenographic costs as agreed by written stipulation of the parties. Order modified, on the law, by deleting everything after the word "granted". As so modified, order affirmed, with $50 costs and disbursements to plaintiffs. Plaintiffs commenced this action on or about December 27, 1977, to recover damages for defendants' alleged wrongful termination of welfare assistance. On February 22, 1978, defendants were served with a demand to produce seven specific county employees for an examination before trial. After a series of at least four adjournments, defendants failed to produce any of the noticed employees. Upon plaintiffs' motion to strike defendants' answer, Special Term directed that the examinations be held on September 5, 1978. Defendants again failed to appear and plaintiffs moved anew to strike the answer. On September 19, 1979, the parties executed a written stipulation in which defendants agreed that plaintiffs' motion to strike be granted without further application to the court unless, *inter alia,* defendants fully comply with plaintiffs' original notice for an examination before trial. The stipulation was "so ordered" and was entered as an order of the court on September 27, 1979. It required defendants to produce all of the named employees for examination on October 11, 1979. On October 11, defendants produced only one of the named employees and she was unable to respond completely to the questions posed. Plaintiffs then made the instant motion to strike the answer. Under the circumstances, defendants' default in disclosure was clearly deliberate and contumacious. Thus, the extreme sanction of striking defendants' answer is warranted (see CPLR 3126; *Beetz v City of New York,* 73 AD2d 925), and Special Term erred in failing to impose this sanction in accordance with the parties' September 19, 1979 stipulation (see *Nishman v De Marco,* 76 AD2d 360). Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.

■ In the Matter of MAYER, ZECK & PRIER, as Attorneys, Respondent. COUNTY OF ROCKLAND, Appellant. — In a proceeding pursuant to section 475 of the Judiciary Law to fix a reasonable counsel fee, the County of Rockland appeals from (1) an order of the Supreme Court, Rockland County (Stolarik, J.), dated July 30, 1981, which denied its motion for an order directing a trial by jury of the issues involved, and (2) an order of the same court (Slifkin, J.), dated November 25, 1981, which, after a nonjury trial, *inter alia,* fixed petitioner's lien at $235,000. Appeal from the order dated July 30, 1981 dismissed as academic (see *Matter of Aho,* 39 NY2d 241, 248). That order is reviewed upon the appeal from the order entered after the trial. Order dated November 25, 1981, affirmed. Petitioner is awarded one bill of costs. Special Term found that petitioner is entitled to be paid a fee based on the reasonable value of petitioner's services and concluded that the reasonable value of those services is the sum of $235,000. These findings are amply supported by the testimony and other proof offered at the trial. We have considered the other arguments made by the appellant and find them to be without merit. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.