■ ELAINE HENDERSON et al., Appellants, v JULIE A. STILWELL et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court at Special Term (Lee, Jr., J.), entered August 20, 1984 in Chenango County, which granted defendants' motions to dismiss the complaint.

Plaintiffs commenced this action in November of 1981 for personal injuries arising out of an automobile accident. In September of 1983, defendants Daniel and Carla Emilio served plaintiffs with a notice that examinations before trial (EBTs) were scheduled for October 13, 1983. Plaintiffs adjourned the EBTs two times and then, on February 16, 1984, failed to

attend a court-ordered EBT. All defendants then moved for an order dismissing plaintiffs' complaint because of plaintiffs' failure to comply with the discovery order. Plaintiffs did not serve answering papers or oppose these motions, but rather, on the return date, requested an adjournment of the motions. That request was denied and the motions to dismiss were granted solely upon the basis of the papers defendants had submitted. This appeal by plaintiffs ensued.

Plaintiffs contend that Special Term abused its discretion in dismissing their complaint because (1) an adjournment should have been granted pursuant to CPLR 2214 and 2004 in order to enable them to respond to the motions to dismiss their complaint, and (2) their conduct in adjourning the EBTs and in not appearing for the court-ordered EBT was not willful and contumacious and, thus, did not justify a dismissal pursuant to CPLR 3126. We disagree with these contentions.

Regarding plaintiffs' argument that they should have been granted an adjournment in order to respond to defendants' motion papers, CPLR 2214 and 2004 mandate that a delinquent party offer a valid excuse for the delay before being allowed to submit late papers *(Wallin v Wallin,* 34 AD2d 870, 871). Plaintiffs made no such showing at Special Term, but rather merely requested an adjournment. Moreover, even if we were to consider the excuse made for the first time on appeal, i.e., that the attorney in charge of this case was on vacation when the motions were noticed, this does not satisfy the requirements of the CPLR that good cause be shown for the delay *(Floria v Cook,* 59 AD2d 771; *Glens Falls Ins. Co. v Russo,* 83 Misc 2d 474, 476). Additionally, since plaintiffs did not submit an affidavit of merits, they are also precluded from relying upon law office failure pursuant to CPLR 2005 as an excuse *(see, Smith v Lefrak Org.,* 60 NY2d 828, 830).

We are likewise unpersuaded by plaintiffs' assertion that Special Term abused its discretion in dismissing their complaint for failure to comply with discovery. CPLR 3126 provides that when a discovery order is willfully disobeyed

"the court may make such orders * * * as are just * * * [including] * * *

"3. an order striking our pleadings".

Here, only defendants' papers were properly before Special Term, and these papers set forth a history of delay and evasion on the part of plaintiffs. The EBTs were twice adjourned, and plaintiffs' attorneys informed the attorney for defendants Emilio that they had no intention of cooperating

unless required to do so by court order. However, plaintiffs continued their noncompliance even after court-ordered discovery was granted. Thereafter, plaintiffs' attorneys failed to give their adversaries even the courtesy of a response to inquiries as to the reason for the latter nonappearance. The foregoing facts contained in the moving affidavits clearly supported an inference that plaintiffs' conduct was, under the circumstances, willful and contumacious *(see, Shakerley v St. Peter's Hosp.,* 91 AD2d 759; *Will v County of Nassau,* 90 AD2d 795; *Goldner v Lendor Structures,* 29 AD2d 978) and justified the extreme sanction of striking plaintiffs' complaint *(Will v County of Nassau, supra).*

Judgment affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.