■ WILLIAM WOLFORD et al., Appellants, v ANTHONY CERRONE et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Dier, J.), entered September 9, 1991 in Warren County, which granted defendants' motion to, *inter alia,* dismiss the complaint for willful failure to disclose.

On January 13, 1986, plaintiffs were driving their vehicle at the intersection of US Route 9 and Monteray Road in the Town of Queensbury, Warren County, when they were involved in an accident with a vehicle operated by defendant Anthony Cerrone and owned by defendant Morey Trucking, Inc. As a result of this collision, plaintiffs commenced this action seeking compensation for personal injuries. Following the filing of the note of issue, defendants moved pursuant to CPLR 3124 and 3126 seeking to dismiss the complaint on the basis of plaintiffs' alleged willful failure to submit to two independent medical examinations by defendants' consulting physician. Plaintiffs admittedly received notice of the two separate examinations but failed to show up at either appointment without explanation. In his affidavit in support of the motion, defendants' attorney stated that he attempted to contact plaintiffs' counsel for an explanation but that his calls were not returned. In opposition to the motion, plaintiffs' attorney states only that plaintiffs did not show up for the examinations because the notices were allegedly not specific enough as to the scope of the proposed exams *(see,* CPLR 3121 [a]). Supreme Court granted defendants' motion with prejudice and ordered plaintiffs to reimburse defendants' counsel the $600 that had to be paid to the physician for the missed exams. This appeal by plaintiffs followed.

Plaintiffs' contention that Supreme Court abused its discretion in dismissing the complaint pursuant to CPLR 3126 is rejected. CPLR 3126 provides that when a discovery order is willfully disobeyed, the court may "make such orders * * * as are just", including "an order striking out pleadings". Although plaintiffs argue that there is no specific evidence that their conduct was willful, this court has noted before that willfulness of a party's conduct can be inferred from the circumstances surrounding the failure to disclose *(see, Henderson v Stilwell,* 116 AD2d 861, 863, *lv denied* 68 NY2d 606; *see also, Mills v Ducille,* 170 AD2d 657, 658). Here, plaintiffs failed to show up for two scheduled appointments and their

attorney failed to even give defendants the courtesy of an explanation *(see, Henderson v Stilwell, supra)*. The reason ultimately proffered for plaintiffs' conduct, i.e., the alleged insufficiency of the notices, is patently inadequate in our estimation. This is especially so because if plaintiffs' counsel truly possessed a good-faith belief that the notices were improper, a motion for a protective order could then have been made *(see,* CPLR 3103). We find that plaintiffs' willfulness can be inferred from these facts and, therefore, we decline to disturb Supreme Court's dismissal of the complaint *(see, Brandi v Chan,* 151 AD2d 853, 854, *appeal dismissed* 75 NY2d 789).

As a final matter, we disagree with plaintiffs that Supreme Court's direction that plaintiffs pay for the cost of the two missed physical exams was beyond the court's authority to impose *(see, e.g., Renford v Lizardo,* 104 AD2d 717, 718). However, as a matter of our own discretion, we are modifying the order solely to the extent of ordering plaintiffs' counsel to pay the $600. From our own review of the record and circumstances, we deem this a more appropriate sanction *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3126:11, at 765).

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the facts, with costs to defendants, by substituting plaintiffs' counsel as the party responsible for paying defendants' counsel $600 for reimbursement of medical fees, and, as so modified, affirmed.