■ ANDREA FLYNN, Appellant, v ANTHONY R. DEBONIS et al., Respondents. [668 NYS2d 274] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered March 19, 1997 in Rensselaer County, which granted defendants' motion to

dismiss the complaint unless plaintiff obeyed certain conditions.

Plaintiff commenced this action seeking compensation for personal injuries she allegedly sustained in an automobile accident. Following joinder of issue and some discovery, defendants brought a motion pursuant to CPLR 3126 (3) to dismiss the complaint on the basis of plaintiff's willful failure to submit to two scheduled independent medical examinations (hereinafter IME) by defendants' consulting physician. Supreme Court granted defendants' motion dismissing the complaint unless, within 20 days from the date of the court's order, plaintiff reimbursed defendants' counsel the $600 assessed by defendants' consulting physician for the missed appointments and, within 90 days of said order, she appeared for a physical examination. This Court granted plaintiff's subsequent motion to proceed as a poor person and stayed so much of the court's order as required her to pay the sum of $600 until the determination of this appeal.

In light of plaintiff's conduct during discovery and her failure to submit to two IMEs, we find no abuse of discretion in Supreme Court's order that plaintiff appear for a physical examination and reimburse defense counsel for charges assessed by defendants' physician (see, Wolford v Cerrone, 184 AD2d 833, 834; Renford v Lizardo, 104 AD2d 717, 718). The affidavit submitted by defense counsel, incorporating all relevant documents, wholly details the propriety of such request (see, e.g., Glasser v American Homes, 144 AD2d 890, 891; see also, Wolford v Cerrone, supra, at 834). In so finding, we reject any contention that a prior hearing regarding plaintiff's financial status was warranted since plaintiff had failed to place her financial status in issue prior to this appeal.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.