■ TERRI J. FABER, Respondent, v NORMAN EMERLING, Appellant. [818 NYS2d 372]—

Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered August 24, 2005 in a personal injury action. The order, among other things, denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendant created the dangerous condition or had actual notice of it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on snow and ice in defendant's driveway, and defendant thereafter moved for, inter alia, summary judgment dismissing the complaint. In support of that part of his motion, defendant contended that he did not create the dangerous condition and that he lacked actual or constructive notice of it. We conclude that, although defendant met his initial burden with respect to constructive notice, plaintiff raised an issue of fact with respect thereto. In opposition to the motion, plaintiff submitted climatological data establishing that, for several days prior to the incident, four to five inches of snow fell and the temperature remained at or near freezing from the time of snowfall until the time of the incident. Thus, there is an issue of fact whether defendant had constructive notice of the dangerous condition of the driveway (*see generally Pugliese v Utica Natl. Ins. Group*, 295 AD2d 992 [2002]), and Supreme Court properly denied that part of defendant's motion insofar as the complaint, as amplified by the bill of particulars, alleges that defendant had constructive notice of the dangerous condition. We further conclude, however, that the court should have granted that part of defendant's motion for summary judgment dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendant created the dangerous condition or had actual notice of it, and we therefore modify the order accordingly.

The court also properly denied that part of defendant's motion for reimbursement of the $500 fee incurred by defendant

when plaintiff failed to appear for the physical examination scheduled by defendant. The record establishes that plaintiff had difficulty finding transportation on the morning of the scheduled examination and that her attorney contacted the office of defendant's attorney and informed a representative of that difficulty. There is no indication in the record that defendant informed plaintiff that he would seek reimbursement of the fee if the appointment had to be rescheduled, and thus we cannot conclude that the court abused its discretion in denying that part of defendant's motion seeking reimbursement of the fee (cf. *Wolford v Cerrone*, 184 AD2d 833 [1992]). Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.