DEBORAH J. LEBEAU, Appellant, v RONALD PURDY, Respondent. [843 NYS2d 889]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 25, 2006 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the allegation that defendant had actual or constructive notice of the alleged dangerous condition and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained on January 4, 2002 when she slipped and fell on the driveway at the home she rented from defendant. Defendant thereafter moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. It is undisputed that there had been several major snowstorms in the Buffalo area from December 24, 2001 through December 28, 2001 and that plaintiff had arranged for the removal of snow from the driveway on December 27, 2001. Defendant established his entitlement to judgment as a matter of law with respect to the allegation that he created the alleged dangerous condition, and thus the court properly granted defendant's motion with respect to that allegation. We further conclude, however, that there is an issue of fact whether defendant had actual or constructive notice of the alleged dangerous

condition of the driveway on January 4, 2002 (*see Faber v Emerling*, 31 AD3d 1120, 1121 [2006]), and we therefore modify the order accordingly. Defendant's motion papers contain climatological data supporting plaintiff's assertion that an additional two feet of snow fell on December 28, 2001 after the driveway had been cleared on December 27, 2001. Although defendant stated in his supporting affidavit that he checked the property on either January 1 or January 2, 2002 upon his return from vacation on January 1, 2002 and that, "if snow was present there, [he] would have shoveled it," plaintiff stated in her opposing affidavit that no snow had been removed from the driveway after the storm on December 28, 2001. In addition, although defendant further recalled that "there was a mere dusting of snow on the driveway on January 4, 2002," plaintiff's affidavit and deposition testimony both indicate that the snow was up to plaintiff's calves on January 4, 2002. We therefore conclude that the court erred in granting defendant's motion for summary judgment dismissing the complaint in its entirety. Present—Scudder, P.J., Hurlbutt, Lunn and Pine, JJ.