Suram-Gomez v 957 Sang Corp. (2025 NY Slip Op 51801(U))

[*1]

Suram-Gomez v 957 Sang Corp.

2025 NY Slip Op 51801(U)

Decided on November 14, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 14, 2025
Supreme Court, Kings County

Daniel Rene Suram-Gomez, Plaintiff,

against
957 Sang Corporation and KICOPI 957 INC., Defendants.

Index No. 515092/2021

Liakas Law, P.C., New York City (Stephen Jacobson of counsel), for Plaintiff.
Lewis Brisbois Bisgaard & Smith, LLP, New York City (Aharon Y. Fireman of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Nos. 39—68.
Upon the foregoing papers and due deliberation having been had, the within motion is determined as follows.
Background
On or about June 22, 2021, Plaintiff, Daniel Rene Suram-Gomez, commenced this action sounding in Labor Law negligence provisions to hold liable Defendants, 957 Sang Corporation and Kicopi 957 Inc., for an injury Plaintiff sustained on February 11, 2019. while operating a table saw. On January 11, 2024, the Hon. Leon Ruchelsman, Justice of the Supreme Court of New York, Kings County, so-ordered a Compliance Conference Order directing parties, in relevant part, to complete all Independent Medical Examinations (IMEs) within 30 days of Plaintiff's deposition. Plaintiff's deposition occurred on August 7, 2024.
Defendants then served a Notice of Independent Medical Examination scheduling Plaintiff's IME with Dr. Benjamin Rosenstadt for July 10, 2025, at 11:30 a.m. The notice advised that cancellations within three weeks, or "no-shows," would incur a $650 fee.[FN1]
The appointment was confirmed by both parties via email on July 7, 2025. Plaintiff, however, failed to appear for [*2]the IME. According to Defendants, Plaintiff's counsel later explained that their office had mistakenly informed Plaintiff the appointment was canceled.
As a result, Dr. Rosenstadt assessed a $750 no-show fee and refused to reschedule the IME until the fee was paid. Defendants sought to have the fee waived, but the doctor declined, citing limited availability and disruption to his schedule. Defendants informed Plaintiff's counsel of the fee and repeatedly followed up between July and September 2025, but counsel ultimately refused to pay absent a court order, asserting they were not contractually obligated. Defendants contend they acted in good faith to resolve the issue and mitigate costs, but Plaintiff's refusal to pay the no-show fee has delayed discovery and prejudiced Defendants by preventing completion of the IME.
They now seek an order requiring Plaintiff to pay the $750 fee, the interpreter cost, and Defendants' expenses and attorney's fees incurred in making this motion, including sanctions pursuant to 22 NYCRR Part 130-1.1.

Discussion

Defendants argue that the Court should exercise its discretion under 22 NYCRR § 130-1.1 (a) to assess costs against Plaintiff for the IME no-show fee and the expenses of this motion. Defendants assert that Plaintiff was duly served with notice of the July 10, 2025 IME and reminded three days beforehand, yet failed to appear, resulting in a $750 no-show fee and interpreter costs. The notice expressly required 48-hour advance cancellation and warned that Plaintiff's counsel would be responsible for any no-show fee. Defendants contend that Plaintiff offered no valid justification for missing the appointment and, further, Plaintiff failed to object, and later affirmatively represented that the fee would be paid.
Defendants cite to Adams v Deloreto (272 AD2d 875 [4th Dept 2000]), Wolford v Cerrone (184 AD2d 833 [3d Dept 1992]), and Janicki v Beaux Arts II LLC (2016 NY Slip Op 30614[U] [Sup Ct, NY County 2016]) to argue that Plaintiff's conduct reflects a pattern of delay and non-cooperation that strengthens their request for the reimbursement of no-show fees. The courts in Wolford and Adams held that the reimbursement of no-show fees were within the court's authority as they resulted from two missed IME appointments. Further, in Wolford, the court noted that inadequate excuses for failing to attend, particularly when counsel ignored opposing counsel's attempts to resolve the issue or failed to seek timely protective relief under CPLR 3103, permitted an inference of willfulness and justified shifting the costs of the missed examinations.
Similarly, in Janicki, the court ordered plaintiff's counsel to reimburse defendants $2,600 in IME no-show fees after the plaintiff missed multiple scheduled examinations without adequate excuse. The court found proper mailing of IME notices and rejected plaintiff's denial of receipt, holding reimbursement reasonable but declined to impose sanctions or attorneys' fees under 22 NYCRR § 130-1.1 because the failures stemmed from law office error rather than willful noncompliance. Defendants maintain that the number of missed IMEs is immaterial; what matters is that Plaintiff effectively assented to the no-show fee through silence and subsequent conduct.
Plaintiff distinguishes the authorities Defendants rely on, noting that those cases involved multiple missed IMEs and court orders compelling attendance, unlike here, where Plaintiff missed one IME inadvertently and agreed to reschedule. Plaintiff further argues that 22 NYCRR [*3]§ 130-1.1 does not apply, as the rule authorizes costs or attorney's fees only for "frivolous conduct," defined as actions taken without legal merit, undertaken to delay, or based on false statements. Plaintiff argues that missing one IME by mistake and refusing to pay an arbitrary, non-court-ordered fee does not meet that standard.
Defendants reply that Plaintiff's behavior constitutes frivolous conduct under 22 NYCRR § 130-1.1 (c), not because of the initial IME absence, but because Plaintiff refused to pay the no-show fee after repeatedly agreeing to do so, thereby preventing rescheduling of the IME, delaying discovery, and forcing unnecessary motion practice.
Under § 130-1.1, a court may order a party to pay attorney fees if it determines that the party or their attorney engaged in frivolous conduct. Conduct is deemed frivolous if it meets any of the following criteria: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false (see Strunk v New York State Bd. of Elections, 126 AD3d 779 [2d Dept 2015]). Further, the issue of reimbursement of IME fees for missed appointments or no-shows often hinge on the plaintiff's conduct, the reasonableness of their failure to appear, and whether such conduct was deemed willful or contumacious.
In Flynn v Debonis (246 AD2d 852 [3d Dept 1998]), the Third Department upheld an order requiring the plaintiff to reimburse the defendants' counsel $600 for missed IME appointments and to appear for a physical examination within a specified timeframe. The Court found no abuse of discretion in the trial court's decision, given the plaintiff's conduct during discovery and failure to submit to two IMEs.
In Clark v Allen & Overy, LLP (159 AD3d 478 [1st Dept 2018]), the First Department upheld dismissal and sanctions only after the plaintiff repeatedly and willfully defied a court-ordered IME, appeared but refused to participate, threatened the examiner, violated sealing orders, and made false statements to the court. The case illustrates that sanctions under CPLR 3126 and 22 NYCRR 130-1.1 are reserved for egregious, contumacious, and bad-faith misconduct.
By contrast, here there was no violation of any court order, no repeated refusals, no threats, no dishonesty, and only a single missed IME attributable to counsel's calendaring error that Plaintiff agreed to cure by rescheduling. This conduct bears no resemblance to the patterns of willful noncompliance found in Adams, Wolford, Janicki, or similar cases, such as Youkelsone v Pannagl (238 AD3d 1199 [2d Dept 2025]), where courts upheld sanctions after multiple missed IMEs, ignored communications, or persistent obstruction. Consistent with Clark and Flynn, those authorities make clear that sanctions or fee-shifting are reserved for deliberate, repeated misconduct.
Defendants likewise have not identified any statutory, contractual, or court-ordered basis to compel Plaintiff to pay the IME provider's private "no-show" fee, nor have they demonstrated that a single inadvertent missed exam constitutes frivolous conduct under 22 NYCRR § 130-1.1. Because the record contains no evidence of willfulness, no violation of a court directive, and no pattern of delay, the reimbursement sought is unsupported.

Conclusion

Accordingly, it is hereby ORDERED that Defendants' motion for sanctions, costs, and reimbursement of the no-show fee is DENIED.

Footnotes

Footnote 1:. Defendants' notice to the Plaintiff stated the wrong fee amount. It should have been $750.